**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000738
17-APR-2013
11:43 AM**

NO. CAAP-12-0000738

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

FRANCIS A. GRANDINETTI, II, Plaintiff-Appellant,
v.
ELOY POLICE DEPARTMENT, et al., Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-1400)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Foley and Ginoza, JJ.)

Upon review of the record, it appears that we lack jurisdiction over this appeal that Plaintiff-Appellant Francis Grandinetti (Appellant Grandinetti) has asserted from the Honorable Karl K. Sakamoto's May 15, 2012 order of dismissal, because the May 15, 2012 order of dismissal is not eligible for appellate review in the absence of a final judgment under Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2012) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). The supreme court has promulgated HRCP Rule 58, which specifically requires that "[e]very judgment shall be set forth on a separate document." (Emphasis added). Based on this requirement under HRCP Rule 58, the supreme court has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. The separate judgment must "either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). For example, the supreme court has explained that, "[a]lthough RCCH [Rule] 12(q) [(regarding dismissal for want of prosecution)] does not mention the necessity of filing a separate document, HRCP [Rule] 58, as amended in 1990, expressly requires that 'every judgment be set forth on a separate document.'" Price v. Obayashi Hawaii Corporation, 81 Hawai'i 171, 176, 914 P.2d 1364, 1369 (1996) (emphases added). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the

record is filed in the supreme court will be dismissed."
Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted).

The May 15, 2012 order of dismissal is not a judgment. On October 23, 2012, the circuit court clerk filed the record on appeal, which did not contain a final judgment. Absent an appealable final judgment, Appellant Grandinetti's appeal is premature and we lack jurisdiction over appellate court case number CAAP-12-0000738. Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-12-0000738 is dismissed for lack of appellate jurisdiction. All pending motions are denied as moot.

DATED: Honolulu, Hawai'i, April 17, 2013.

Chief Judge

Associate Judge

Associate Judge

-3-